

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. D. Looney
County Auditor
Boston, Texas

Dear Sir:

Opinion No. O-5654
Re: Under the given facts
is the county judge entitled
under Article 3926, R.C.S., to
a commission of one-half of one
percent on certain receipts in
connection with the estate of
W. J. Buchanan, deceased?

Your letter of September 30th, 1943, requesting the opinion of this department on the above stated question reads as follows:

"The administratrix of the estate of W. J. Buchanan, deceased, recently filed her annual account in the County Court of Bowie County. Exhibit 1 of this account, showing cash receipts and disbursements, contains an item, under the heading of capital receipts, of "Liquidating Dividends" in the amount of $255,659.80. This amount was received by the estate from the liquidation of lumber company stocks, after the filing of the inventory and appraisement, and represents an increase of this amount over and above the values of said stocks as originally shown in the inventory. These liquidating dividends were paid to the estate partly in cash and partly in other stocks.

"Counsel for the administratrix contends that these liquidating dividends are a part of the corpus of the estate, and as such not subject to the commission of one-half of one per cent due the County Judge under Art. 3926, RCS, although the full amount represents an increase over the actual inventory values.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. D. Looney   page #2

"In taxing the costs in this case, should one-half of one per cent commission be taxed by the County Judge on this item of liquidating dividends?"

In reply to our inquiry as to how this liquidation was handled, your letter of October 20, 1943, states:

"The lumber company wound up business and paid off the interest of share holders partly in cash and partly by issuance of stock in a new corporation."

Article 3926, Revised Civil Statutes reads in part as follows:

"The county judge shall also receive the following fees:

"1. A commission of one-half of one percent upon the actual cash receipts of each executor, administrator or guardian, upon the approval of the exhibits, and the final settlement of the account of such executor, administrator, or guardian, but no more than one such commission shall be charged on any amount received by any such executor, administrator or guardian."

The answer to your question depends upon a proper construction of the term "actual cash receipts" as used in the above statute. Under the facts as we understand them, deceased owned stock in a corporation at the time of his death. Since that time, this asset of the estate has been changed in form. In exchange for the stock, the administratrix has received from the corporation cash and some stock in a new corporation. The administratrix has reported this transaction in her annual account recently filed in the county court. Do these new assets, acquired in lieu of the old, constitute "actual cash receipts" within the meaning of the above statute?

The contention of counsel for the administratrix as referred to in your letter is apparently based upon their

Honorable J. D. Looney     page #3

interpretation of the language of the Court of Civil Appeals
in the case of Willis vs. Harvey, 26 S. W. (2) 288, in which
case writ of error was refused.  In that case the court
reviewed a decision of the trial judge allowing the county
judge a commission under Article 3926, supra, of one-half
of one percent on cash of the testatrix on deposit in the
bank at the time of her death.  The executors appealed from
the ruling making this allowance.  We quote the following
excerpt from the decision of the Court:

> "The act very clearly has in view the provid-
> ing of compensation to the probate judge for his
> official control of estates, based on 'the actual
> cash receipts' shown by the exhibits and the final
> settlement of the account of the 'executor'.  But
> properly construing the Act, it is believed that
> the specific case presented here on appeal may
> not be regarded as within its scope and within
> its purpose.  There is nothing in the words of the
> article to attach a different meaning capable of
> expressly embracing it.  An independent executor
> is not included within the term 'executor,' as
> employed in the article, and the term 'receipts'
> therein used does not embrace cash on deposit
> in the bank at the death of the testator.  The
> word 'executor' as used is made clear and specific
> by considering the associated words 'administrator
> or guardian.'  Judged from its associated words,
> the term 'executor' was meant to refer to the
> executor administering the estate of the testator
> under the control of the probate court.  Such
> class of executors are required, as administra-
> tors and guardians are, to present to the pro-
> bate court in an exhibit of accounting, under
> oath, all sums in cash derived from sales, col-
> lections, and like sources in due course of ad-
> ministration.  The probate judge is required to
> examine and approve all such exhibits of account-
> ing when duly presented to him by such executor
> or administrator or guardian.  The official situation
> of an independent executor is different, and it
> is otherwise provided as to his legal duties and
> authority.  The statute of this state authorizes
> administration independent of the control of
> probate jurisdiction where the testator has so

Honorable J. D. Looney     page #4.

indicated by the terms of the will that such is
his desire.  The independent executor so named
in the will is qualified to act, and independently
of the probate court, from the time the will ap-
pointing him is admitted to Probate.  Coleman v.
Produce Co. (Tex.Civ. App.) 204 S. W. 382; Pepper
v. Walling (Tex. Civ. App.) 195 S. W. 892;  Roy
v. Whitaker, 92 Tex. 346, 48 S. W. 892, 49 S. W.367.
He need not necessarily return an inventory in
order to make his executorship valid.  Cooper v.
 Horner, 62 Tex. 356; Willis v. Ferguson, 46 Tex
496.  It is thought the term 'actual cash receipts'
should be held to specifically describe money
received by the executor other than the cash or
corpus of the estate which was on hand when the
testator died, because the words used point to
and imply that meaning.  And too, another section
of the statute, bearing upon the same subject-
matter of compensation, makes it evident that
such was the meaning that the Legislature intended
should be put upon the term used in the presently
considered article.  The one section of the
statute stands as the context of the other, and
they may be compared and read together as a
means of giving to the language used the meaning
intended by the Legislature.  By such sections
(article 3689 and 3690) executors and administrators
are allowed commission on 'all sums they may actually
receive in cash' but which shall not include ' any
cash which was on hand at the time of the death of
the testator or intestate.'  Also by article 4310
R.S., commissions are expressly denied to the guardian
on 'Estate * * * first delivered.'  The express shutting
out of a commission to executors and administrators
on 'cash * * * on hand at the * * *death of the
testator or intestate' and to guardians ' on the
estate first delivered' is to be taken as an expression
of legislative intent of the scope and purpose of
article 3926.  There is no difference in the mean-
ing of the terms 'actually receive in cash' as used
in article 3689, and 'actual cash receipts,' as
used in article 3926, and 'estate when first delivered',
as used in article 4310.  The very purpose of the
statute in authorizing an executor to act independently
 of control of the probate court is, as stated in
Wilhelm's estate v. Matthews (Tex. Civ. App.) 274 S. W.
251, 752: 'To avoid the usual costs and bother of
regular administration."

Honorable J. D. Looney    page 5

Clearly, under the above holding, the county judge is not entitled to a commission on cash on hand or in the bank at the time of the death of the deceased. As a matter of fact, this was the only issue in the case. We do not construe the language of the decision as holding by way of dicta that cash proceeds from disposition of the corpus of the estate yield no commission to the county judge.  In fact, no decision of our appellate courts has engrafted any exception on the term "actual cash receipts" as used in said article 3926 other than cash on hand or in the bank on the date of the death of the owner.

The fact that county judges are entitled to a fee when assets are converted into cash in the course of administering an estate is shown in the decision of the Supreme Court in Lyles vs. _____, 159 S. W. (2) 102. In that case at the time of the death of the testator, he owned a 13,000 acre ranch, considerable livestock and some ranch equipment.  All of said assets were sold and the administrator paid the then county judge one-half of one percent on the proceeds of the sale.  A later county judge who approved the final account for the estate claimed the commission should have been paid to him and brought suit. The court in an opinion by Justice Sharp, as well as the Court of Civil Appeals in its opinion, in denying relief to the new county judge, seemed to take it for granted that conversion of the property of the estate into cash created "actual cash receipts" on which the judge merited a commission, and in conclusion, the Supreme Court said:

"Each county judge was paid the amount due him in this case."

In the case of Goodwin vs. Downs, 280 S. W. 512, by the Commission of Appeals, the Administrator completed certain road building contracts on which the deceased had begun work at the time of his death.  The administrator took in large sums of money, paying out a large part of it for labor, materials, etc., as the work progressed.  The Court of Civil Appeals allowed the Judge a commission only upon the profits over and above the expenses of the business, and stated the rule as follows:

Honorable J. D. Looney     page 6

"We are rather inclined to think. . . the
County Judge should be paid a commission. . .
on all actual cash received by the Administrator
while acting as such from the sale of property
owned by decedent at the time of his death, or
from the collection of debts belonging to the
estate at the time of his death, or on. . . .
rentals, etc., . . .or on actual cash remaining
. . .. from the prosecution of the decedent's
business."

The Commission of Appeals in reversing the
decision, quoted the above excerpt, apparently finding
fault only with the last item because it was not liberal
enough.  It was there held that the judge was entitled to
a commission on all receipts of the business regardless
of the fact they were in large measure paid right out
again.

Our conclusion that the commission of appeals
in Goodwin vs. Downs, supra, approved the above quoted
excerpt from the opinion of the Court of Civil Appeals
as far as it went and disagreed only because it did not
go far enough seems to be shared by the text writer in
14 Tex Jur. 504.  In discussing the right of the judge
to commissions under article 3926, Revised Civil Statutes,
the statement is there made:

"This commission is not confined to receipts
arising from sales of property, collection of
debts, rent of property, etc; it may be collected
on receipts arising from the conduct of a business
. . ."

In discussing one phase of the case, the Commis-
sion of Appeals in the opinion last cited said:

"The county judge has only one way to
receive any compensation for his supervision
of an administration.  His responsibility is
great.  He must study the reports and approve
the accounts, including receipts and disburse-
ments.  The Legislature fixed this definite
method of computing his fees."

Honorable J. D. Looney      Page 7


Article 3320, Revised Civil Statutes provides as follows:

"Executors and administrators shall make annual exhibits under oath, fully showing the condition of the estate;. . . ."

Article 3321, Revised Civil Statutes, provides:

"Any exhibit made by an executor or administrator. . .showing the condition of said estate and an account of all money received and paid out on account of said estate, . . .shall be filed with the clerk,. . . .after which the court shall examine said exhibit, and if correct, render judgment of approval thereon and order it to be recorded.".

A careful examination of the foregoing authorities leads to the conclusion that when, in the course of an administration, part of the corpus of the estate is converted into cash, the county judge is entitled to a commission on the amount of such cash. We see no reason why the same principles should not apply to the cash received in the stock transaction involved here, as apply in the case of cash received from a sale of the corpus of the estate or cash received from the collection of a debt which was part of the corpus of the estate. In this case, the administratrix has filed her annual exhibit or account showing the money taken in in the stock liquidation. Under Article 3321, supra, it is the responsibility of the court to approve the account if correct. The exhibit reveals that an asset of the estate, stock in a corporation, has been converted into a different form. The approval by the judge of the account in effect places the court's stamp of approval on the transaction by which cash and stock in a new corporation were accepted in lieu of stock in the old corporation.

Persuasive, in behalf of the similarity in principle between the realization of cash in this transaction and the collection of a debt, is the language of the legislature in Article 3563, Revised Civil Statutes, providing:

"If the executor or administrator shall represent to the court on oath in writing that there is stock belonging to the estate which he is unable to collect or command, the court may order that the same be sold. . . ."

Honorable J. D. Looney    page 8

        Accordingly we are of the opinion that the county-judge is entitled to a commission of one-half of one percent on the actual cash received in the liquidation transaction, but he would not be entitled to a commission on the stock received in the new corporation.

                        Yours very truly

                        ATTORNEY GENERAL OF TEXAS

By                      J. Arthur Sandlin
                           J. Arthur Sandlin
                              Assistant

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL

JAS:ncd



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN